# Third District Court of Appeal

## State of Florida

Opinion filed July 17, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D26-1330
Lower Tribunal Nos. F22-13226, F22-16013, F23-20339, F22-13535, F23-020340

_____

**Reyner Labrada,**
Petitioner,

vs.

**State of Florida,**
Respondent.

A Case of Original Jurisdiction – Mandamus.

Reyner Labrada, in proper person.

James Uthmeier, Attorney General, and Richard L. Polin, Chief Assistant Attorney General, for respondent.

Before FERNANDEZ, LOBREE and GOODEN, JJ.

PER CURIAM.

Petitioner Reyner Labrada seeks a petition for writ of mandamus concerning the trial court's ruling that he is not indigent, and therefore, not entitled to a court-appointed counsel. In accordance with Florida Rule of Appellate Procedure 9.040(c), we treat this as a petition for writ of certiorari. See Mansfield v. State, 16 So. 3d 302, 303 (Fla. 5th DCA 2009); Guy v. State, 473 So. 2d 234, 234 (Fla. 2d DCA 1985).

To obtain a writ of certiorari, a party must demonstrate a departure from the essential requirements of the law that results in material injury that cannot be corrected on plenary appeal. Reeves v. Fleetwood Homes of Fla., Inc., 889 So. 2d 812, 822 (Fla. 2004); Kilgore v. Bird, 6 So. 2d 541, 545 (Fla. 1942). Because this issue implicates the Sixth Amendment right to counsel, the required showing of irreparable harm is satisfied. So, we focus on whether there has been a departure of the essential requirements of the law. A departure of the essential requirements of law is "a violation of a clearly established principle of law resulting in a miscarriage of justice." Combs v. State, 436 So. 2d 93, 96 (Fla. 1983). It is more than mere legal error. Id. at 95.

Under Florida law, a court "may not appoint the public defender to represent, even on a temporary basis, any person who is not indigent." § 27.51(2), Fla. Stat. (2025). "A finding of indigency is based upon only the

2

defendant's financial status." <u>Guy</u>, 473 So. 2d at 235. "Indigent" means "a person who is unable to pay for the services of an attorney, including costs of investigation, without substantial hardship to the person or the person's family." Fla. R. Crim. P. 3.111(b)(4). Where a person "owns, or has equity in, any intangible or tangible personal property or real property or the expectancy of an interest in any such property having a net equity value of $2,500 or more, excluding the value of the person's homestead and one vehicle having a net value not exceeding $5,000," a presumption of non-indigency arises. § 27.52(2)(a)(1), Fla. Stat.

If the clerk of court determines that the applicant is not indigent, the applicant may request that the trial court review the decision. § 27.52(4), Fla. Stat. If that occurs, the trial court considers additional factors, along with the criteria considered by the clerk of court:

1. Whether the applicant has been released on bail in an amount of $5,000 or more.

2. Whether a bond has been posted, the type of bond, and who paid the bond.

3. Whether paying for private counsel in an amount that exceeds the limitations in s. 27.5304, or other due process services creates a substantial hardship for the applicant or the applicant's family.

4. Any other relevant financial circumstances of the applicant or the applicant's family.

3

Id. at (4)(a).

Because we find that the trial court did not depart from the essential requirements of the law, we deny the petition. Labrada owns real property. The record indicates that the trial court conducted two hearings to provide Labrada an opportunity to overcome the presumption in section 27.52(2)(a)(1), Florida Statutes. But Labrada did not provide sufficient information or evidence as to his assets. See Martin v. State, 711 So. 2d 117, 119–20 (Fla. 4th DCA 1998) ("At all times he had the burden to prove that he is indigent for purposes of this appeal."). The trial court denied the motion based on the information presented and in accordance with the statute. It did not violate a clear principle of law that would result in a miscarriage of justice.

Petition denied.